Case 8:07-cv-01073-DKC   Document 8   Filed 06/22/07   Page 1 of 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MELVIN B. COLEY | : | |
|     Plaintiff | : | |
| v | : | Civil Action No. DKC-07-1073 |
| WARDEN | : | |
|     Defendant | : | |

o0o

### MEMORANDUM

Pending is Defendant's Response to Show Cause which was construed by the court as a Motion for Summary Judgment. Paper No. 3. Plaintiff has filed an opposition to the motion. Paper No. 5. Upon review of the pleadings, the court finds a hearing in this matter unnecessary. Local Rule 105.6 (D. Md. 2004).

Background

Plaintiff alleges his property was packed into boxes at Maryland Correctional Institution in Jessup (MCIJ) prior to his transfer to Eastern Correctional Institution (ECI). Paper No. 1. He claims he was not permitted to pack his own property, nor was he able to see what items were placed in each box. Paper No. 5. When the packing process was completed, Plaintiff's property was contained in seven boxes. Paper No. 3 at Ex. 1. Because he is permitted to have only three boxes of property at ECI, four boxes were shipped to Plaintiff's wife in Arizona. *Id*. Plaintiff asserts he was not able to inventory the contents of the boxes shipped to his wife and did not know which legal documents were contained in the boxes. Paper No. 5. In addition, Plaintiff claims only two boxes arrived at his wife's address and she refused acceptance of both boxes based on Plaintiff's request for her to do so. *Id*. Upon her refusal of delivery, the boxes of Plaintiff's property were returned to the MCIJ property room. Paper No. 3 at Ex. 1. When the content of the boxes were examined by

MCIJ staff, it was determined that one box contained legal materials. *Id.* Warden Koppel states he contacted staff at ECI who agreed to accept delivery of his box of legal materials. The box was delivered to ECI on May 16, 2007. *Id.*

Plaintiff claims he has not been provided with the box of legal materials allegedly delivered to ECI. Paper No. 5. He asserts that the absence of any description of the contents of the second box of property returned to MCIJ is suspect, and two boxes of property remain missing. *Id.* Plaintiff concludes that he has been harmed because he has been deprived of his property. *Id.*

## Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the

burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

## Analysis

With respect to the two boxes of property which the parties agree were mailed to Plaintiff's wife and subsequently shipped back to MCIJ in light of her refusal to accept delivery, a genuine dispute of material fact exists. Defendant admits one box contains legal materials, but refrains from describing the contents of the second box. Defendant claims the box containing legal materials was

sent to ECI. Plaintiff, however, claims he never received it. In addition, there is insufficient evidence in this case to determine whether the second box received at MCIJ contained legal material. As Plaintiff has observed, Defendant does not specify what was contained in the second box. Defendant will be required to supplement the Response with: (1) evidence establishing Plaintiff actually received the box of legal materials; (2) a description of the contents of the second box received at MCIJ; and (3) if Plaintiff has not received either box of property, a statement regarding the disposition of the property.

      A separate Order follows.

      June 22, 2007                                 /s/
Date                                            DEBORAH K. CHASANOW
                                                United States District Judge