**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

MELVIN B. COLEY                  :

    Plaintiff                       :

v.                                           :        Civil Action No. DKC-07-1073

WARDEN                            :

    Defendant                    :

o0o

## MEMORANDUM

This civil rights complaint was filed on April 26, 2007, by Plaintiff, an interstate compact prisoner from Arizona who is being transferred from Maryland Correctional Institution in Jessup to Eastern Correctional Institution. Paper No. 1. He stated that Arizona law books in his possession have been confiscated and he was told they must be shipped to an outside address or they will be destroyed. Arizona law books are not otherwise available in the Maryland Division of Correction and Plaintiff claims he cannot exhaust administrative remedies concerning this matter before his property is slated for destruction. After receiving a response from the Division of Correction to an order to show cause, which made it appear that the complaint might be moot, the court afforded Plaintiff an opportunity to respond. Prompted by that response, the court again directed Defendant to supplement the Response to Show Cause Order with: (1) evidence establishing Plaintiff actually received a box of legal materials; (2) a description of the contents of a second box received at Maryland Correctional Institution as Jessup (MCIJ); and (3) if Plaintiff has not received either box of property, a statement regarding the disposition of the property. Paper No. 9. Upon review of Defendant's supplemental pleading, Plaintiff's reply thereto, and for the reasons set forth below, the court concludes that Defendant is entitled to summary judgment in his favor.

Plaintiff alleged his property was packed into boxes at MCIJ prior to his transfer to ECI.

Paper No. 1. He claimed he was not permitted to pack his own property, nor was he able to see what items were placed in each box. Paper No. 5. When the packing process was completed, Plaintiff's property was contained in seven boxes. Paper No. 3 at Ex. 1. Because he is permitted to have only three boxes of property at ECI, four boxes were shipped to Plaintiff's wife in Arizona. *Id*. Plaintiff asserted he was not able to inventory the contents of the boxes shipped to his wife and did not know which legal documents were contained therein. Paper No. 5. In addition, Plaintiff claimed only two boxes arrived at his wife's address and she refused acceptance of both boxes based on Plaintiff's request for her to do so. *Id*. Upon her refusal of delivery, the two boxes of Plaintiff's property were returned to the MCIJ property room. Paper No. 3 at Ex. 1. When the content of the boxes were examined by MCIJ staff, it was determined that one box contained legal materials. *Id*. Warden Koppel stated he contacted staff at ECI who agreed to accept delivery of his box of legal materials. The box was delivered to ECI on May 16, 2007. *Id*.

Plaintiff responded that he had not been provided with the box of legal materials allegedly delivered to ECI. Paper No. 5. He asserted that the absence of any description of the contents of the second box of property returned to MCIJ is suspect, and two boxes of property remain missing. *Id*. Plaintiff concluded that he has been harmed because he has been deprived of his property. *Id*.

Defendant's supplement asserts that Plaintiff received a box of legal materials on July 18, 2007, which was forwarded to ECI from MCIJ. Paper No. 15. Defendant further provides that the second box delivered to MCIJ did not contain legal materials, but rather contained loose papers. *Id*. Plaintiff has filed a response to Defendant's Supplement, asserting there are three missing boxes of property which are not addressed, and the description of the contents of the box at MCIJ provided by Defendant is inadequate. Paper No. 17. Plaintiff further claims he has not received "medical

2

records or criminal transcripts or other legal materials" he needs in order to "perfect post-conviction and ADA pleadings." Paper No. 19 at p. 3. Plaintiff provides no details regarding post-conviction proceedings and does not allege he has missed a filing deadline or that one is imminent. In addition, Plaintiff does not offer any description or explanation of "ADA pleadings."

To the extent that Plaintiff's claim involves the possible loss of legal materials, it is construed as an access to courts claim. Prisoners have a constitutionally protected right of access to the courts. *Bounds v. Smith*, 430 U. S. 817, 821 (1977). However:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U. S. 343, 355 (1996).

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997) *quoting Lewis*, 518 U.S. at 355. The requirement that an inmate alleging a violation of *Bounds* must show "actual injury" derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches. *Lewis*, 518 U.S. at 349.

Plaintiff has, at most, stated a potential for future harm. Plaintiff references pending litigation in Arizona but does not specify that he has been either unable to comply with court

imposed deadlines or that such deadlines are approaching.[1] Paper No. 1. Absent a showing of actual injury, Plaintiff has failed to support his claim that he has been deprived of meaningful access to the courts. Defendant is entitled to summary judgment on that aspect of the claim.

To the extent Plaintiff's claim is for wrongful loss of property, it will be construed as a due process claim. In the case of lost or stolen property, sufficient due process is afforded a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U. S. 327 (1986). In light of the circumstances of this case, Plaintiff may seek damages and injunctive relief in an appropriate Maryland court for the loss of his property. The opportunity to address the loss of his property in a state forum constitutes an adequate post-deprivation remedy for purposes of a due process analysis.[2] *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[3] Accordingly, a due process claim for deprivation of Plaintiff's property may not proceed in this court and this aspect of the claim will be dismissed.

A separate Order follows.

  September 27, 2007                           _____/s/_____
Date                                            DEBORAH K. CHASANOW
                                                         United States District Judge

---

[1] Under Arizona post-conviction statutes, post-conviction proceedings are initiated by the filing of a notice within 90 days of the date of conviction and sentence or 30 days within the date of the decision affirming the conviction. Aiz..Rev. Stat. §13-4234(C). In non-capital cases and upon good cause shown, a 60 day extension of time may be granted. Aiz..Rev. Stat §13-4234( F). Plaintiff provides no explanation regarding what, if anything, remains to be filed in his post-conviction proceeding.

[2] Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office.

[3] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post-deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing that due process claim.